IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELVIN D. PRICE, No. 1293262,  § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:05-CV-1115-K |
| § | |
| THE STATE OF MICHIGAN, et. al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently in the Hutchins State Jail in Dallas, Texas. Defendants are the State of Michigan and the Children's Aid Society of Michigan. The court has not issued process in this case. However, on June 10, 2005, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his response on June 22, 2005.

Statement of Case: The complaint alleges that Defendants placed Plaintiff in foster homes during the period between 1961 and 1970 where he was physically, emotionally, and sexually abused. Plaintiff also alleges that his foster mothers conspired to falsify his records so that he would be unadoptable.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which

imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

In an action brought under § 1983, the limitations period is determined by the general statute of limitations governing personal injuries in the forum state. *See, e.g., Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims" as stated in Mich. Comp. Laws §600.5805(10). *E.g., Wolfe v. Perry*, __ F.3d __, 2005 WL 1503805 *5 (6th Cir. Jun. 27, 2005). Plaintiff filed the instant lawsuit on May 26, 2005. Plaintiff was born on July 2, 1955, and is presently forty-nine years old. (Ans. to Magistrate J.'s Questionnaire to Pl. at 2). Although any actions which accrued before Plaintiff's eighteenth birthday

2

were tolled until July 2, 1974, one year after his eighteenth birthday, *see* Mich. Comp. Laws Ann. § 600.5851 (West 2005)(noting that the age at which tolling commences was changed from twenty-one to eighteen in 1972), the statute of limitations on these claims has long since expired.  Therefore Plaintiff can prove no set of facts in support of his claims which are not time-barred.

RECOMMENDATION

It is therefore recommended that all Plaintiff's claims be dismissed with prejudice as barred by limitations.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 28th day of June, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.